# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY

## ON APPEAL FROM THE COURT OF CHANCERY, AND THE PREROGATIVE COURT.

### NOVEMBER TERM, 1912.

———

BOARD OF EDUCATION OF THE BOROUGH OF RIVERTON, &c.,

*v*

PETER TAIT et al.

[Argued November 21st, 1912.  Decided March 3d, 1913.]

1. When a general rule is provided by the legislature to cover an entire subject-matter all earlier and different legislative rules touching such matter are to be discarded in favor of such later rule.

2. The amendment of the Municipal Lien law in 1909 (*P. L. 1909 p. 260*) renders the remedy provided by the third section of the Mechanics' Lien act inapplicable to the enforcement of a lien under the Municipal Lien law.

———

On appeal from a decree of the court of chancery advised by Vice-Chancellor Leaming, whose opinion is reported in *80 N. J. Eq. (10 Buch.) 94.*

11                                          (161)

*Mr. Joseph Beck Tyler,* for the appellant.

*Mr. William D. Lippincott,* for the respondents.

The opinion of the court was delivered by

GARRISON, J.

The facts of this case and the grounds of decision are fully set forth in the opinion filed in the court of chancery.

We think that the decree should be affirmed upon one of the grounds stated in the court below, although not precisely for the reasons that are given. The Municipal Lien law was amended in 1909. *P. L. 1909 p. 260.* The learned vice-chancellor was of opinion that this amendment repealed the third section of the Mechanics' Lien act on the ground of an inconsistency that, he thought, must arise in the application of the two statutes. Hence, he based his opinion as to the repeal of the earlier act, *pro tanto,* upon the final section of the act of 1909 which provided that "all acts and parts of acts inconsistent with the terms of this act are hereby repealed." We are not so sure that the inconsistency relied upon by the vice-chancellor in fact exists, but reach the same result by force of the immediately preceding clause of the act of 1909, which provides "that all the proceedings to enforce any such claims or liens (that is, municipal liens) shall be subject to the provisions of this act so far as the same may be applicable."

This indicates a legislative intent to cover in one statute the entire subject-matter of municipal liens. *Gottuso* v. *Baker, 80 N. J. Law (51 Vr.) 520.*

By force of this legislative declaration the provisions of section 3 of the Mechanics' Lien act are to be discarded, not upon the ground of repeal or because of inconsistency, but by way of substitution. *DeGinther* v. *New Jersey Home, &c., 58 N. J. Law (29 Vr.) 354; Cortelyou* v. *Anderson, 73 N. J. Law (44 Vr.) 427.*

The doctrine in question is that when a general rule is provided by the legislature to cover an entire subject-matter, all earlier and different legislative rules touching such matter are

to be discarded in favor of such later rule. *Harrington* v. *Jersey City*, *78 N. J. Law (49 Vr.) 610.*

As to this doctrine we care to add nothing to what has been said in these cases and in the more recent one of *Eldridge* v. *Philadelphia and Reading Railroad Co., 80 N. J. Law (51 Vr.) 478.*

Inasmuch as the amendment of 1909 was after the decision of our supreme court in *Arzonico* v. *Board of Education, 75 N. J. Law (46 Vr.) 21*, and as that case admittedly involved no conflict between the two lien acts, any discussion of it would be quite aside from the decision of the present case.

Upon the ground stated, the decree of the court of chancery is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, TREACY—10.

*For reversal*—None.